E. F. OSBORNE, Respondent, v. JOHN C. OLIVER, Appellant.

St. Louis Court of Appeals, December 21, 1886.

1. WITNESS—IMPEACHMENT OF—PRACTICE—EVIDENCE.—The question as to whether a witness has been successfully impeached is one of fact, and, where there is substantial evidence on each side, is not reviewable on appeal.

2. PRACTICE—AFFIRMANCE WITH DAMAGES.—In an action on a written promise to pay, an appeal which brings up for review questions of fact only will not be considered as having merit, and the judgment will be affirmed with ten per cent. damages.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed with ten per cent. damages.*

O. B. GIVENS, for the appellant.

HERMANN & REYBURN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace upon a due bill given by the defendant to the plaintiff for one hundred and seventy-five dollars. On appeal to the circuit court, the cause was tried before the judge without a jury. The defence there set up was that the due bill had been given without any consideration, and that the defendant was entitled to a set off in the sum of one hundred dollars. The court found in favor of the plaintiff on both of these isues and entered judgment accordingly. No instructions were asked for or given.

Three assignments of error are made in this court:
1. That the court erred in ruling out certain evidence

offered by the defendant. 2. That the court erred in admitting certain evidence offered by the plaintiff. 3. That the evidence of the plaintiff was clearly and conclusively impeached, and that the court erred in not so finding.

In respect of the first and second of these two assignments of error, the appellant fails to put his finger upon any ruling of the court to which he especially objects, or to state any reason why the court should be put in the wrong by reason of any ruling made touching the admissibility of evidence. He simply says, in his argument and brief, that "exceptions were saved by the appellant to the court's ruling on the admissibility, or non-admissibility of evidence, which appears on record pages 15, 16, 20, 28, 29, 30, 31, and on many pages thereafter." We are thus expected to go on a hunt through the record, to see if we can not find some ruling by which, on some idea or other, which is not suggested to us by the appellant, we can reverse the judgment. The record has been read with care, and we find nothing touching the rulings of the court on the admissibility of evidence of which the appellant can make complaint upon any substantial grounds.

The assignment of error, that the evidence of the plaintiff was clearly and conclusively impeached, and that the court erred in not so finding, is equally idle. In the first place, the evidence of the plaintiff was not clearly and conclusively impeached. The plaintiff's general character was impeached by several witnesses and supported by several others, which left the question of his credibility fairly in the scale of doubt. But if his testimony had been impeached by a hundred witnesses, and if there had not been a single supporting witness, this could not be assigned as error; because, the question whether a witness has been successfully impeached is always a question of fact for the jury, or

for the trier of the facts, and can not be decided as a matter of law.

We are asked to give ten per cent. damages in affirming the judgment for a frivolous appeal. This action is brought upon a written acknowledgment of indebtedness made by the defendant himself. His defence, that nothing was due when he gave the due bill, is opposed to all the probabilities of the case. His effort to show that it was a bar and gambling debt, while at the same time declining to do what he calls "plead the gambling act," is equally futile; because he does not claim how much of it is a gambling debt, or how much of it is a bar debt, or give any specific evidence to show that it represents money which he lost while gaming with the plaintiff, or in a gambling house kept by the plaintiff, or a debt incurred in the purchase of intoxicating liquors to be drunk at the plaintiff's bar; and the testimony of the plaintiff is distinctly to the effect that the due bill was given for borrowed money. The set-off which was attempted to be set up was overthrown by a decided preponderance of evidence.

There is no merit whatever in this appeal, and the judgment will be affirmed with ten per cent. damages. It is so ordered. All the judges concur.